Etan Zaitsu [SBN 287106]
Attorney at Law

Zaitsu Law
331 J Street, Suite 200
Sacramento, CA  95814
916.542.0270

Attorney for Defendant
JOSHUA MARKANSON

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>ISAIAH BURKS AND<br>JOSHUA MARKANSON,<br><br>                    Defendants. | Case No.: 2:18-CR-00024 TLN<br><br>**STATUS CONFERENCE MEMORANDUM**<br><br>DATE: September 30, 2021<br>TIME:  9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**MEMORANDUM**

Defendant Joshua Markanson, by and through undersigned counsel, submits this Status Conference Memorandum ahead of the scheduled court appearance, to ensure the Court is apprised of the current state of the case.

Ahead of the last status conference appearance, held on December 5, 2019, attorneys for defendants submitted a joint memorandum discussing the status of the case as it stood at that time. Dkt. 125, Dec. 2019 Status Memo. Of importance, the memo discussed the deeply concerning revelation that disgraced ex-ATF agent Matthew Ryckman, an agent directly involved in this case, became the subject of a serious public corruption investigation for misconduct and wrongdoing stemming from his time as a Baltimore police officer from 2013 -

2016. During the investigation into his participation, Ryckman confessed to lying in his affidavits and reports, falsifying reports, stealing money from crime scenes, using electronic surveillance devices without judicial authorizations, withholding information about specific instances of evidence planting, and participating in a scheme to defraud the government through unearned overtime pay. Dec. 2019 Status Memo at 2-6.

The status memo also discussed the significant delays in discovery production at the time. Dec. 2019 Status Memo at 6-7. Because the issues discussed therein are as relevant and pertinent today as they were then, that status conference memorandum is incorporated in its entirety by reference herein.

Of importance here is the fact that discovery production delays continue to be the principal reason this case has stalled, and why trial setting is inappropriate at this juncture.

**A. Discovery Production Delays**

From as far back as August 2018, five months after Markanson was arraigned in this case, 8 specific items of discovery were requested. Dec. 2019 Status Memo at 6-7. In November of 2019, an additional 10 items, relating mostly Ryckman's and his involvement in this case, were requested. *Id.* As reported in the December 2019 Status Memo, the government at that time had not produced most of the items requested. Moreover, nearly a dozen requests to view seized evidence from Markanson's home had been made at that point. *Id.* While the firearms alone were eventually made available to view, still outstanding was the request to view the entirety of the items seized from Markanson's home. *Id.* Since then, significant delays in discovery production have continued.

On January 17, 2020, the government allowed undersigned to view the rest of the items seized during the raid of Markanson's home. On February 10, 2020, undersigned requested to view the evidence seized during the raid of codefendant Rayshawn Wray's home. That request went unanswered. In fact, the request continues to be ignored as of the drafting of this memo.

News of former AUSA Timothy Delgado and his family's tragic deaths broke on March 9, 2020. Thereafter, on March 12, 2020, undersigned was informed that AUSA Justin Lee would be taking over this case. Undersigned emailed Mr. Lee to express sympathy over

the tragic events, and to discuss a three-month continuance to ensure adequate time was provided for Mr. Lee to become acquainted with the case and the prior discovery requests. Dkt. 142. The Covid-19 pandemic ensued shortly thereafter.

On May 31, 2020, undersigned emailed the government to discuss another continuance to September 24, 2020, because the prior discovery requests, including the requests to view the evidence, were still outstanding. Dkt. 151. By the next status conference in September, however, the discovery requests remained unanswered. Another continuance was agreed to by the parties, moving the date to December 17, 2020. Dkt. 158. By October 8, 2020, with no response from the government about the discovery, undersigned again emailed the government for an update on the discovery production efforts. Again, there was no response by the government. The parties then again agreed to move the status out three months to March 18, 2021. Dkt. 165.

Finally, on February 21, 2021, the government sent out two emails responsive to undersigned's two discovery request memos. In its response, the government agreed to produce some of the items, sought clarification of some items, and refused production of others. On March 2nd and 9th, the government produced some but not all of the items it agreed to produce in its February 21, 2021 email. The parties subsequently agreed to continue the case to June 17, 2021. Dkt. 169.

On June 9, 2021, the government emailed the parties asking to appear for the upcoming status conference in order to set a trial date. Undersigned quickly responded explaining that the government had yet to produced all of the discovery items it promised. The government did not respond to this email or for the next week. On June 15, 2021, two days prior to the scheduled status conference, undersigned sent another email to the government to follow-up on its position. The government responded with an ultimatum: the government would agree to a continuance to September 30, 2021 in exchange for a promise to be ready to set for trial by then. Not knowing whether the government was going to fulfill its discovery obligations by then, no such promise could be made. A promise to work diligently with the government to resolve these matters, however, was expressed. The government did not reciprocate the

Defendant Markanson's Status Conference Memo

sentiment. Regardless, the parties agreed to continue the matter to September 30, 2021. Dkt. 175.

On July 9, 2021, a four-page memo discussing the outstanding discovery issues, including a roadmap of all of the discovery promised but not produced (GPS location data as referenced in governments original discovery production, and ATF's evidence storage procedures, practices, and occurrences), as well as clarifications the government sought from its February 2021 emails (including chain of custody requests and information about seized money), was emailed to the government. The memo also included several new discovery requests based on review of the discovery provided on March 2nd and 9th, the government's discovery denials, and review of records pertaining to ex-agent Ryckman (including information about evidence tags, ballistics testing, evidence removal, Ryckman's employment and custodian status, and Ryckman's informant). The memo also re-requested a date upon which to view the evidence from the Wray raid.

The government has yet to respond. On September 27, 2021, undersigned emailed the government requesting a status on the discovery issues and its position about the upcoming status. It again was unresponsive but stated its desire to appear.

**B. Discovery Obligations and Resolution**

Matters cannot proceed until the government meets its discovery obligations to respond to the various requests made to it. The resolution of discovery matters remains critical to defendant's defense, especially as it pertains to assessing ex-agent Ryckman's involvement in the case, his handling of evidence, and the extent to which evidence in this case was exposed to his tampering. Of particular importance is the government's representation that none of the evidence it will be presenting at trial is "directly dependent" on the work of Ryckman or his paid informant who he brought from the East Coast and was directly involved in this case. Yet, the government concedes that Ryckman was entrusted as an ATF evidence custodian alternate with direct access to vaults in which evidence of this case was stored. His custodianship as an alternate or otherwise is even more troubling in light of the federal ATF audit, discussed in the December 2019 status memo to the court, that found that ATF vault storage practices made

evidence vulnerable to "theft" and "tampering," and otherwise increased the risk that evidence could be "compromised." Dec. 2019 Status Memo at 5-6; https://oig.justice.gov/reports/2019/a1932.pdf#page=1.

Moreover, the discovery produced thus far already shows that Ryckman and his informant were involved in handling, transporting, and storing evidence in this case.

These and other troubling aspects of the case, including the limited nature and credibility of the alleged evidence against Markanson, thus warrants the defendant's discovery demands and the continued concern over the legitimacy of the government's case, its representations, lack of transparency, and overall handling of discovery.

**C. Post Discovery Matters**

Upon resolution of these informal discovery matters, the Court will likely be asked to order discovery production in this case. Thereafter, other motions may be necessary to ensure Markanson's rights are fully represented and protected.

Respectfully submitted,

Dated:  September 29, 2021                    */s/ Etan Zaitsu*
                                               ETAN ZAITSU
                                               Attorney for the Defendant
                                               JOSHUA MARKANSON