Etan Zaitsu [SBN 287106]
Attorney-at-Law

Zaitsu Law
331 J Street, Suite 200
Sacramento, CA  95814
916.542.0270

Attorney for Defendant
JOSHUA MARKANSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>JOSHUA MARKANSON,<br><br>             Defendant. | Case No.: 2:18-CR-00024<br><br>**Defendant's Motion for Exculpatory and Impeaching Materials in the Personnel Files of Government Agents Pursuant to Henthorn and Brady** |

PLEASE TAKE NOTICE that defendant Joshua Markanson, by through his undersigned counsel, will and hereby does move for an order compelling the government to provide the defense with all exculpatory and impeachment material contained in the personnel files of its investigators, law enforcement officers, and agents whom the government intends to call to testify at trial and/or any evidentiary hearing in this case.

This motion is based on the instant motion, the attached Memorandum of Points and Authorities, the files and records in this case, and any other evidence or argument presented before or at the hearing on this motion.

Dated:  January 21, 2022                                       Respectfully submitted,

                                                                                     */s/ Etan Zaitsu*
                                                                                     ETAN ZAITSU
                                                                                     Attorney for Defendant
                                                                                     JOSHUA MARKANSON

1

**Defendant's Motion for Exculpatory and Impeaching Materials in the Personnel Files**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY PRODUCTION**

**I. BACKGROUND**

On March 7, 2018, defendant Joshua Markanson was arraigned on one count of a nine-count superseding indictment for conspiracy to deal firearms without license. Dkts. 15, 22. He was ordered released with conditions and has remained out-of-custody since. His codefendants Donte Robins, Isaiah Burks, and Rayshawn Wray were arrested and arraigned at various points before and after Markanson's initial appearance. Robins and Wray have since been sentenced. Dkt. 140, 187.

Through this motion, defendant seeks disclosure of all exculpatory and impeaching information in the personnel files of any law enforcement agent whom the government intends to call as a witness to testify in this case, including, but not limited to, the following materials:

1) Any portion of the personnel record indicating or demonstrating citizen complaints against the named officers or agents on the basis of the falsification of evidence;

2) Reports of citizen complaints pertinent to the filing, or issuance of a false report;

3) Citizen complaints of allegations of perjury in administrative hearings, in courtroom testimony, and/or in the swearing out of affidavits, declarations, or warrants;

4) Citizen complaints pertinent to the falsification of evidence, tendering of false reports, or swearing out of false evidence, including the giving of perjurious testimony in proceedings related to the internal investigation conducted by the officer or agent's agency;

5) Any reports or administrative actions taken against the officer or agent on the basis of breaches of duty, violations of departmental or agency rules and regulations, including but not limited to the times covered under subparagraphs (1) through (4) above;

6) Any judicial findings, including findings of fact, findings made as part of civil or criminal litigation, or findings made in orders transmitted to the officer's or agent's

**Defendant's Motion for Exculpatory and Impeaching Materials in the Personnel Files**

department or agency pertinent to the type of misconduct or unprofessional conduct covered m subparagraphs (1) through (5) above.

## II. ARGUMENT

The Due Process Clause of the Fifth Amendment requires that the government disclose all exculpatory evidence to the defendant. *Kyles v. Whitley*, 514 U.S. 419 (1995); *Brady v. Maryland,* 373 U.S. 83 (1963). This right also requires the government to turn over any information about its witnesses that could cast doubt upon their credibility. *United States v. Bagley*, 473 U.S. 667, 676-77 (1985); *Giglio v. United States*, 405 U.S. 150 (1972). The *Brady* doctrine is broad, requiring the "disclosure of evidence that in any way may be exculpatory." *United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles*, 514 U.S. at 437. The Supreme Court has emphasized that prosecutors should err on the side of disclosure:

> Because we are dealing with an inevitably imprecise standard, and because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor [or court] will resolve doubtful questions in favor disclosure.

*United States v. Agurs*, 427 U.S. 97, 108 (1976).

In *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the Ninth Circuit held that, upon request, a prosecutor has a duty to review the files of his or her agents for exculpatory or impeaching information. This obligation is placed upon the prosecutor by the fact of a request, and there is no threshold showing of materiality to the defense. Id. at 31. All personnel files which contain complaints or allegations (whether sustained or not) involving perjurious conduct, dishonesty, improper law enforcement practices, or other conduct, which could be used to impeach the officer, must be disclosed.

Under *Henthorn* and Brady the defense requests all exculpatory and impeachment materials as described above in the personnel files of all government agents whom the government intends to call to testify at either the trial or any evidentiary hearing in this case.

3

**Defendant's Motion for Exculpatory and Impeaching Materials in the Personnel Files**

### III. CONCLUSION

For these reasons, the Court should grant this motion for production of exculpatory material and all impeaching materials in the personnel files of law enforcement agents whom the government intends to call as witnesses at trial or any pretrial hearing.

Dated:  January 21, 2022                                            Respectfully submitted,

/s/ Etan Zaitsu
ETAN ZAITSU
Attorney for Defendant
JOSHUA MARKANSON

**Defendant's Motion for Exculpatory and Impeaching Materials in the Personnel Files**