PHILLIP A. TALBERT
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00024-TLN |
|---|---|
| Plaintiff, | UNITED STATES'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY PRODUCTION |
| v. | |
| JOSHUA MARKANSON, | DATE: February 17, 2022 |
| Defendant. | TIME: 2:00 p.m.<br>COURT: Hon. Kendall J. Newman |

**OPPOSITION**

On January 24, 2022, the defendant filed a motion to compel discovery production. ECF 196 (hereafter "Mot."). In the motion, the defendant "seeks an order compelling the United States ('the government') to produce information in its possession." Mot. at 2. Specifically, the defendant identifies six categories of evidence. For the reasons set forth below, the Court should deny the motion.

**Standard of Review**

Criminal discovery is limited by statute, rules of criminal procedure, and case law to four categories: (1) items discoverable under Rule 16 of the Federal Rules of Criminal Procedure; (2) material information discoverable under *Brady*; (3) evidence relating to a witness's credibility or bias that is discoverable under *Giglio*; and (4) witness statements related to the subject matter of the witness's testimony, discoverable under the Jencks

Act. *See* Fed. R. Crim. P. 16; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500; Fed R. Crim. P. 26.2 (Jencks Act).

Under Rule 16(a)(1)(E), a criminal defendant is entitled to discovery of materials "within the possession, custody, or control of the government," which are "material to preparing the [defendant's] defense." Fed. R. Crim. P. 16(a)(1)(E). Defendants are entitled to discover only those materials that are relevant to the defendants' response to the government's case-in-chief. *United States v. Armstrong*, 517 U.S. 456, 462 (1996) ("[W]e conclude that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief."); *see also United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) (quoting *Armstrong*, 517 U.S. at 462). To obtain discovery under Rule 16, a defendant must make a *prima facie* showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219; *see also United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 471 (E.D. Cal. 1994) ("[R]equests which are designed to generally cast for impeachment material . . . are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful.").

The defendant identified six categories of evidence. Each of the categories is addressed in turn.

**Category 1 – Documents and Objects Related to Matthew Ryckman**

The defendant first requests "discovery relating to Matthew Ryckman, including his corruption, misconduct, and illegal activities." Mot. at 7. The defendant asserts that such discovery is "both material to preparing the defense and exculpatory." Mot. at 7. "Specifically," the defendant opines "Ryckman was a case agent involved in investigating and developing the case against the defendant." Mot. at 7. The defendant goes on to make several salacious allegations against Mr. Ryckman. The defendant does not, however,

provide any nexus between impeachment information regarding Mr. Ryckman and how such impeachment information will respond to the government's case-in-chief.

On November 16, 2018, the United States provided notice to the defense that now former ATF Special Agent Matthew Ryckman "is a subject in a serious public corruption investigation." ECF 196-1. This notification went on to disclose that "Mr. Ryckman admitted that while serving as a police officer on the East Coast, he made false statements in affidavits and reports, stole money from the scene of a criminal investigation, used electronic surveillance devices without judicial authorization, and failed to report misconduct by other officers." *Id.* "Mr. Ryckman has since resigned from federal law enforcement." *Id.* As a result, the United States informed the defendant that "we will not pursue criminal charges directly dependent on the work of Mr. Ryckman or his informant in this matter." *Id.* at 3.

The defendant has failed to establish that the broad discovery request related to the impeachment of Mr. Ryckman is in any way tethered to the defense in this case. The defendant's interest appears to focus on attacking Mr. Ryckman and by extension the investigating agency that formerly employed Mr. Ryckman. Nothing in Rule 16 authorizes such discovery and the defendant failed to identify any authority for the proposition that the United States must provide impeachment information about someone who will not testify and that the United States has affirmatively disavowed.

Impeachment material is not discoverable under Rule 16. Impeachment material is not discoverable until the witness testifies. *United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978) (Information that "goes to the credibility of the witness . . . need not be disclosed prior to the witness testifying."); *United States v. Stone*, 2013 WL 4541513, at *4 (E.D. Cal. Aug. 27, 2013) ("*Giglio* material, need not be disclosed prior to the witness testifying."); *see also Liquid Sugars, Inc.*, 158 F.R.D. at 471 ("[R]equests which are designed to generally cast for impeachment material . . . are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful."). It is not enough to string together a speculative list of possibilities.

Such a wish list may be consistent with expansive civil discovery, but it is not permitted under the more restrictive criminal discovery standards. *Liquid Sugars, Inc.*, 158 F.R.D. at 471  Unless, and until, the defendant identifies a theory under which the impeachment of a non-witness is discoverable, there is no basis for the Court to grant the requested relief.

**Category 2 – ATF evidence collection, handling, transport, and storage information**

Second, the defendant requests:

> production of ATF's handling and storage of evidence, including procedures and practices in place at the time of the investigation, procedures and practices that have changed since then, outer and inner vault procedures, evidence storage and handling procedures when evidence is not immediately stored at an ATF evidence vault, transport and overnight procedures, procedures governing evidence custodians and their alternates, including the extent of their access to evidence, and the tracking system and other security measure used to monitor when custodians access evidence in the vaults, and discovery with respect to the actual collection, handling, transport, storage, and chain of custody of evidence in this case.

Mot. at 9-10.  Nowhere in the motion does the defendant identify any nexus between his expansive discovery demand and the actual facts of the case.

Here, the defendant's discovery demands plainly fall outside the scope of Rule 16. None of his requests concern issues "material" to his guilt or innocence—that is, whether or not he conspired with others to unlawful deal in firearms between November 13, 2017, and December 14, 2017.  Instead, the defendant's broad request appears to be more of a fishing expedition than tethered to the actual facts and evidence in the case.  Thus, Rule 16 does not entitle the defendant to the additional discovery he demands, and his discovery motion should be denied. *See United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) ("[D]efendants are entitled [under Rule 16] to the discovery of only those materials that are relevant to the defendant's response to the Governments case in chief.").

**Category 3 – Firearm examination and tests**

Third, the defendant requests "reports of examination and tests conducted on any

firearm collected during this investigation." Mot. at 10.  The defendant does not identify any specific discovery.  Instead, the defendant generally requests any reports.  Further, the defendant requests "ATF's practices and procedures relating to the handling, removal, storage, and chain of custody of evidence for testing purposes." Mot. at 10.  And, the defendant "further requests, to the extent it is related to the testing of firearms or to any other evidentiary purpose, the definitions of 'SNAP' and 'NIBIN' and the reasons such acronyms are stamped on evidence tags." Mot. at 11.  The defendant asserts that "[t]his evidence is material to preparing the defense against the use of such tests by the government at trial, and because it can show how the evidence was handled, and whether such practices created vulnerabilities to tempering." Mot. at 11.

The defendant does not identify any legal authority for the requested discovery.  The defendant's discovery request is vague, overly broad, and untethered to any defense theory.  Moreover, nothing about the defendant's discovery request appears responsive the United States's case-in-chief at trial.

### Category 4 – Seized money and pre-marked funds used during the operation

Fourth, the defendant requests discovery "relating to the seizure of money during the raids and the use of pre-marked funds during various transactions." Mot. at 11.  The United States has not produced any discovery related to pre-marked funds because the United States does not have any documentation about the specific bills or serial numbers used in the undercover firearm transaction in this case.  To the extent that the information requested by the defendant is in the custody of the United States, the United States does not oppose the discovery request by the defendant.  The Court should deny the motion as moot.

### Category 5 – Evidence seized from co-defendant Rayshawn Wray

Fifth, the defendant requests to view the evidence seized during the execution of a search warrant at co-defendant Rayshawn Wray's residence.  Mot. at 11.  The United States has no objection to the defendant viewing the evidence.  The Court should deny the motion as moot.

**Category 6 – Cell Phone Data**

Sixth and finally, the defendant requests cell phone data. The defendant specifically requested a copy of the November 20, 2017, state search warrant signed by Sacramento County Superior Court Judge Steve White. Mot. at 12. The United States produced the requested search warrant on February 2, 2022. To the extent that the cell phone records requested by the defendant are in the custody of the United States, the United States has no objection to the defendant's request. As of the filing of this motion, the United States has produced all cell phone toll records, GPS location records, and call detail records that are currently in the custody of the United States. The Court should deny the motion as moot.

Dated: February 4, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney