UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA MARKANSON,<br><br>　　　　　Defendant. | No. 2:18-cr-00024-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Joshua Markanson's ("Defendant") Amended Appeal of the Magistrate Judge's Denial of Discovery Requests. (ECF No. 209.) The Government filed an opposition. (ECF No. 211.) Defendant filed a reply. (ECF No. 212.) For the reasons set forth below, the Court DENIES Defendant's motion and AFFIRMS the magistrate judge's February 17, 2022 order.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged by superseding indictment with conspiracy to deal firearms without a license in violation of 18 U.S.C. §§ 371, 922(a)(1)(A). (ECF No. 15 at 1.) On March 7, 2018, Defendant pleaded not guilty to the charge. (ECF No. 22.) On February 17, 2022, the magistrate judge granted some, but not all, of Defendant's motions to compel discovery. (ECF No. 206.) On March 2, 2022, Defendant filed the instant motion appealing the magistrate judge's denial of two discovery requests. (ECF No. 207.)

## II. STANDARD OF LAW

Federal Rule of Criminal Procedure 59(a) directs district judges to consider timely objections to non-dispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is contrary to law or clearly erroneous." *United States v. Arceo-Rangel*, No. 2:09-cr-00407-KJM, 2013 WL 4049533, at *3 (E.D. Cal. Aug. 9, 2013). "An appeal from a final decision of the Magistrate Judge shall be filed within fourteen (14) days after the date the decision." E.D. Cal. L.R. 430.1(j).

## III. ANALYSIS

Defendant appeals from the magistrate judge's order denying his request for documents and objects relating to ex-agent Matthew Ryckman and the ATF's handling of evidence in this case, including its guidelines and procedures. (ECF No. 209 at 3.) With respect to the Ryckman material, Defendant seeks documents relating to the ex-agent's corruption in Baltimore, Maryland. (*Id.* at 4.) In opposition, the Government argues Defendant fails to demonstrate the magistrate judge's orders were clearly erroneous or contrary to law. (ECF No. 211 at 3.)

The Court agrees with the Government. The thrust of Defendant's argument is that the magistrate judge erred by "solely focus[ing] on the *Brady* discovery standard . . . while ignoring the lower threshold standard of Rule 16." (ECF No. 209 at 3–4.) Federal Rule of Criminal Procedure 16 permits Defendant to request any information from the Government that is "material to preparing the defense" and "within the [G]overnment's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E)(i). A defendant who requests discovery under Rule 16(a)(1)(E)(i) "must make a prima facie showing of materiality." *United States v. Mandel*, 914

F.2d 1215, 1219 (9th Cir. 1990).  This showing has two aspects.  First, the defendant must present facts "which would tend to show" the Government is in possession of the requested information. *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).  "Neither a general description of the information sought nor conclusory allegations of materiality suffice. . . ." *Mandel*, 924 F.2d at 1219.  Second, the requested information must be "helpful to the defense" or "relevant to the development of a possible defense." *Id.*

    First, as to Defendant's request regarding Ryckman, the magistrate judge stated that Defendant's request as to Ryckman was a "huge overreach" as Defendant seeks extensive information about Ryckman's career as an ATF agent.  (ECF No. 213 at 11, 18.)  The magistrate judge stated Defendant could bring "a much more narrowly tailored motion" in the future.  (*Id.* at 18–19.)  Second, as to Defendant's request regarding ATF evidence collection and storage practices, the magistrate judge expressed his opinion that the broad request was "a fishing expedition."  (*Id.* at 23.)  The magistrate emphasized that Defendant was unable to say at this point whether such information would be helpful to his defense.  (*Id.*)  Although the magistrate judge at times couched his decision in terms of whether the information sought would be exculpatory, the magistrate judge essentially found Defendant had not shown the requested information was material and helpful to the defense.  *Mandel*, 924 F.2d at 1219.  Based on the existing record, the Court concludes the magistrate judge's decision was not clearly erroneous or contrary to law.  *See Arceo-Rangel*, 2013 WL 4049533, at *3.

### IV. CONCLUSION

    For the foregoing reasons, the Court DENIES Defendant's motion (ECF No. 209) and AFFIRMS the magistrate judge's February 17, 2022 order (ECF No. 206).

    IT IS SO ORDERED.

**DATED: April 12, 2022**

Troy L. Nunley
United States District Judge