1   Etan Zaitsu [SBN 287106]
2   Attorney at Law

3   Zaitsu Law
    331 J Street, Suite 200
4   Sacramento, CA  95814
    916.542.0270
5

6   Attorney for Defendant
    JOSHUA MARKANSON
7

8           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,            Case No.: 2:18-CR-00024 TLN

11                      Plaintiff,       **DEFENDANT'S SUPPLEMENTAL
                                         BREFING IN SUPPORT OF MOTION
12      v.                               TO CONTINUE THE TRIAL DATE**

13  JOSHUA MARKANSON,
                        Defendants.      DATE: September 29, 2022
14                                       TIME:  9:30 a.m.
                                         COURT: Hon. Troy L. Nunley
15

16

17

18                  SUPPLEMENTAL BRIEFING

19          At the last court appearance (September 22, 2022), the Court ordered supplemental

20  briefing on defendant's motion to continue the trial. Hearing on the matter is scheduled on

21  September 29, 2022.

22          The decision to grant or deny a requested continuance lies within the broad discretion

23  of the district court. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). The Ninth

24  Circuit has outlined four factors for consideration to ensure such decisions are not arbitrary or

25  unreasonable. *Id.* First, courts should consider the diligence of the defendant's efforts to ready

26  his defense. *Id.*; *see also United States v. Barrett*, 703 F.2d 1076, 1080 [**18] (9th Cir. 1983)

27  (holding that a continuance should have been granted where defendant made "diligent effort"

28  to secure a rebuttal expert to government's witness); *cf. United States v. Lustig*, 555 F.2d 737,

                                    1

Defendant's Supplemental Briefing in Support of Motion to Continue

744 (9th Cir. 1977) (continuance request four days before trial properly denied where defendant had more than a month to secure new counsel but failed to act before asking for a continuance).

Second, courts should consider the usefulness of the continuance. *Flynt*, 756 F.2d at 1360. In *Flynt*, the court held that a continuance "clearly would have served a useful purpose" if granted because expert witnesses had been identified, their availability for a later hearing had been ensured, and the need for their testimony was "apparent from the nature of [the defendant's] defense" and from other evidence before the court. *Id.* "To require any greater specificity under these circumstances would not have been reasonable." *Id.*; *see also Barrett*, 703 F.2d at 1081 (defendant "probably could have obtained an expert to assist him if he had been given more time. . . . In failing to grant the requested continuance . . . the trial court clearly abused its discretion"); *cf. United States v. Hoyos*, 573 F.2d 1111, 1114 (9th Cir. 1978) (denial of continuance proper where moving party could not demonstrate that he could produce prospective witness even if continuance was granted).

The third factor is the inconvenience to the court and other parties. *Flynt*, 756 F.2d at 1358 ("granting appellant's request would not have resulted in any cognizable inconvenience to the court or the government); *cf. United States v. Shuey*, 541 F.2d 845, 847 (9th Cir. 1976) (motion for continuance on the eve trial properly denied).

Finally, courts must assess the harm to the moving party. In *Flynt*, the court held that the denial of the defendant's continuance request deprived him of his right to present an effective defense. *Flynt*, 756 F.2d at 1361 (it "deprive[d] the accused of the only testimony potentially effective to his defense"). There, the denial prevented the defendant from arguing that he lacked the requisite mental capacity to commit the offense, because "he could not establish his defense without the testimony of expert witnesses"—experts who had already been identified, but "had not had the opportunity to examine him and therefore were not in a position to testify." *Id.*

On appeal, a "denial" of a continuance will not be disturbed absent clear abuse of that discretion. *Id.* at 1358.

2

Defendant's Supplemental Briefing in Support of Motion to Continue

Because the Court has yet to decide whether to grant or deny the defendant's request, defendant's trial continuance request need not meet the clear abuse of discretion standard. Instead, this Court's decision rests on its broad discretionary authority guided by the relevant factors as outlined above. Moreover, in moving for a trial continuance, the defense "need not spell out his theory of the case… [n]or is the government entitled to know in advance specifically what the defense is going to be." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).

Here, the continuance should be granted because the defense has been diligent in its efforts, the continuance is needed to secure and prepare experts for trial, inconvenience to the Court or opposing party is mitigated by the amount of time afforded at this point to make changes to the trial schedule, and because a denial would harm Markanson's rights to present a complete defense, effective assistance of counsel, and a fair trial.

### 1. Diligence

Undersigned counsel has been diligent in his efforts to prepare for trial. Contrary to the government's allegations of delay, unforeseen circumstances and incidents otherwise outside of the defense's control have caused the need for a continuance to ensure expert witnesses are properly prepared and available for trial.

In this case, as discussed in detail in defendant's Motion to Compel Discovery Production and related moving papers, any delay began when the government failed to address the defendant's discovery requests from as far back as 2018. Dkt 196, at 3; *see also* Dkt 125 Joint Status Report at 6, and Dkt. 190 Status Conference Memorandum at 2-4 (both discussing significant delays in discovery production). The pandemic then further delayed proceedings. The government finally responded to the discovery requests in February of 2021 by seeking clarification about some of the requests, promising to produce some of the requested discovery, and by denying other requests. Def. Mtn to Compel Disc. at 3. Subsequently, some of the requested discovery was produced in March 2021, but the government also failed to provide other items of discovery it had originally promised to produce. Email logs will also show that the defense, up until that point and for many months thereafter, made diligent efforts to obtain

Defendant's Supplemental Briefing in Support of Motion to Continue

1  the outstanding and promised discovery.[1]  The continued failure by the government to produce
2  the requested discovery culminated in the filing of numerous defense discovery motions. Dkts.
3  196, 197, 198. These motions were ultimately addressed by this and the magistrate courts in
4  February and March of 2022. Dkt. 206, 207, 209, 220. The government subsequently provided
5  additional discovery in February and March of 2022. On September 26, 2022 (yesterday) the
6  government provided additional discovery: reports and examination of firearms seized in this
7  case. The defense's diligence in obtaining discovery related to charges against Markanson is
8  thus well-documented.

9       The defense has also been diligent in its efforts to secure and prepare experts for trial.
10  Due to the nature of the case against Markanson and the types of defenses that may be required
11  to effectively defend him, the services of numerous experts will be needed at trial. Specifically,
12  the government has charged Markanson with one count of conspiracy to deal firearms without
13  a license. Based on the Complaint, the government appears to be alleging that Markanson
14  manufactured firearms as part of the conspiracy. From review of the discovery, the
15  government's case appears to rely on codefendant statements, GPS and cellphone location
16  technology, and evidence collected from its raid of Markanson's home. Thus, at trial, a firearm
17  expert, DNA expert, and location technology expert, among others, are expected to be needed
18  at trial.

19       The defense first hired a firearm expert pre-pandemic, back in June of 2018. In
20  February of 2022, this expert notified the defense that its rates increased beyond standard CJA
21  rates for firearm experts. Upon the setting of trial at the March 31st hearing for October 31,
22  2022 (dkt. 219), the defense began its search for a new, qualified expert within the CJA rate
23  range for such expert.  After several months of negotiations and discussions with a prospective
24  expert and with the District's CJA budgeting coordinator, upon approval by the Court, a new
25  firearm expert was hired in July of 2022.  Later that month, however, the expert stopped
26  returning undersigned's phone calls. Numerous attempts were made to contact this expert,
27
28

[1] Emails, logs, and other documentation in support of this motion are available upon request.

Defendant's Supplemental Briefing in Support of Motion to Continue

without success. By late-August of 2022, believing that there might be problems with this expert, undersigned asked the government if it would be amenable to a trial continuance due to expert availability issues.  Since then and through September, the defense has been scrambling to identify and secure a qualified firearm expert within CJA's budgeting constraints. Two experts have since been identified, both of whom will not be available or prepared to provide expertise by October 31, 2022, due to scheduling and preparation limitations. At least one expert is tentatively available at the end of January 2023.

The defense has also worked diligently to secure a DNA and GPS/cell tower location technology expert. The need for a DNA expert arose after the defense's fingerprint expert determined that the Ryobi drill, discussed in defendant's Motion to Compel Discovery Procedure for Fingerprint Analysis (Dkt. 197), contained only partial prints and smudges—unsuable to make a fingerprint identification, but possibly usable for DNA testing purposes. Based on this information, undersigned has worked with the District's CJA budgeting coordinator over the last several months to find and hire an appropriate and qualified DNA expert to test the Ryobi drill. The process took some time to complete to ensure cost-saving parameters were met, including finding an expert relatively close to Sacramento, willing to travel to ATF's Sacramento location, at a rate feasible under CJA rate guidelines.  Upon identification of such a qualified expert, funding was sought, and then approved by the Court on September 20, 2022. On September 22, defense counsel emailed the government to arrange for the expert to swab the Ryobi drill located at the Sacramento ATF office, and to determine the availability of reference profiles for comparison. On September 27 (today), the government emailed back asking for workable dates and times. It also stated that it would not provide reference profiles for comparisons.

Based on past discussions with the DNA expert, analysis, comparisons, and trial preparation will take up to four works from the time swabs are conducted on the Ryobi drill. Under these circumstances and time constraints, it is unlikely that the expert will be prepared to testify by an October 31st trial.

5

1   Finally, based upon discovery produced in March of 2022 relating to the government's

2   use of GPS and cell tower location technology, the defense has also identified a qualified

3   expert to consult and testify at trial. It should be noted that the government's production of this

4   discovery was limited to the raw data produced by the technology it used. Such raw data can

5   only be interpreted with proper software, computer programs, and an expert. The identified

6   expert charges a rate within the allowable CJA rate for experts in his field, but will not be

7   available or prepared for an October 31st trial. A funding request is forthcoming.

8   In sum, the defense has hired experts and prepared for trial with due diligence.

9   ### 2.   Usefulness of a Continuance

10  A continuance is needed to ensure that the experts hired by the defense are available

11  and prepared to testify. Currently, none of the experts will be prepared to testify at an October

12  31st trial, but all have been confirmed for a late-January 2023 trial.

13  ### 3.   Inconvenience

14  The defense is unaware of specific inconveniences to the Court and the government at

15  this time. However, given the notice defense counsel provided to the government on August

16  26, 2022 about the need for a continuance due to expert availability concerns, as noted above,

17  and the filing of the original continuance request related to this supplemental brief on

18  September 19, sufficient time has and continues to exist for any adjustments to a new trial

19  schedule.

20  ### 4.   Harm

21  Finally, the defendant will be harmed should the Court deny this motion. Markanson

22  has a right to effective assistance of counsel, a right to present a complete defense, and a right

23  to fair trial. *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010) (discussing a defendant's

24  Fifth and Sixth Amendment right); *Rogers v. Dzurenda*, 25 F.4th 1171, 1175 (9th Cir. 2022)

25  [counsel ineffective because 1) counsel failed to properly investigate, prepare, and execute the

26  chosen defense; 2) counsel failed to call expert witness; 3) counsel inadequately prepared

27  mental health expert by leaving "one expert too little time to prepare an opinion and did not

28  ensure that other experts received and reviewed all relevant documents"]. Denying

Defendant's Supplemental Briefing in Support of Motion to Continue

Markanson's request for a continuance herein would deny him these trial rights because he would be without such needed experts to carry out his chosen defenses, or his experts will not be properly prepared to testify at trial. His defense would thus be incomplete, and his counsel would be unable to provide effective assistance.

Respectfully submitted,

Dated:  September 27, 2022                        */s/ Etan Zaitsu*
                                                  ETAN ZAITSU
                                                  Attorney for the Defendant
                                                  JOSHUA MARKANSON

Defendant's Supplemental Briefing in Support of Motion to Continue