UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MARKANSON,<br><br>Defendant. | No. 2:18-CR-00024-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Joshua Markanson's ("Defendant") motion to continue the trial date.  (ECF No. 237.)  The Government filed an opposition.  (ECF No. 238.)  Defendant filed a reply.  (ECF No. 239.)  For the reasons set for below, Defendant's motion to continue to trial date is GRANTED.

///
///
///
///
///
///
///
///

1

## I.     Factual and Procedural Background

On February 6, 2018, the Government filed a Superseding Indictment charging Defendant with one count of conspiracy to deal firearms without a license, a violation of 18 U.S.C. §§ 371, 922(a)(1)(A). (ECF No. 15.) One month later, on March 7, 2018, Defendant appeared before a magistrate judge for his initial appearance and pleaded not guilty to this single count in the Superseding Indictment. (ECF No. 22.)

On September 30, 2021, the Court set trial for March 14, 2022. (ECF No. 191.) The Court then vacated the March 14, 2022, trial date, and on March 31, 2022, after a status conference, set a new trial date for October 31, 2022. (ECF Nos. 199, 219.) On September 9, 2022, Defendant moved to continue the trial date, and on September 29, 2022, the Court granted Defendant's motion and set trial for January 30, 2023. (ECF Nos. 224, 229.)

On November 3, 2022, the Government filed a Second Superseding Indictment charging Defendant with 27 counts, including one count of conspiracy to deal firearms without a license, a violation of 18 U.S.C. §§ 371, 922(a)(1)(A); one count of unlawful manufacturing and dealing in firearms, a violation of 18 U.S.C. § 922(a)(1)(A); one count of engaging in business as a manufacturer and dealing in firearms without registration and paying taxes, a violation of 26 U.S.C. § 5861(a); seven counts of possession of an unregistered firearm, a violation of 26 U.S.C. § 5861(d); and seven counts of possession of an unserialized firearm, a violation of 26 U.S.C. § 5861(i). (ECF No. 230.) Following the Second Superseding Indictment, Defendant requested a continuance of the January 30, 2023, trial date. (ECF No. 236.) The Court ordered the parties to brief the issue. (*Id.*)

On December 16, 2022, Defendant filed the instant motion to continue the trial date. (ECF No. 237.) The Government filed an opposition. (ECF No. 238.) The Defendant filed a reply. (ECF No. 239.)

///

///

///

///

**II.     ANALYSIS**

A district court has "broad discretion" to grant or deny a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.1985). There are four factors relevant to determine whether Defendant's motion for continuance should be granted: (1) the defendant's diligence in preparing his case; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the court and opposing party; and (4) the harm the defendant would suffer as a result of the denial of the continuance. *United States v. Anguiano*, 731 F. App'x 699, 700 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1303 (2019); *see also United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (citing *Flynt*, 756 F.2d at 1358).

        A.     Diligence

Defendant asserts that he has been diligent in his trial preparation. (ECF No. 237 at 4.) Defendant outlines how he has faced challenges in hiring qualified experts and indicates he has worked to timely resolve these challenges and proceed with his defense preparation. (*Id.* at 5.) Defendant notes the Government's Second Superseding Indictment, filed three months before the current trial date, added 26 new charges. (*Id.*) These new charges include new statutory violations with differing elements of proof. (*Id.*) These new charges also increase Defendant's sentence exposure significantly — the statutory maximum sentence related to 25 of the new charges is 10-years, whereas the statutory maximum to the singe charge contained in the previous Superseding Indictment was 5-years. (*Id.* at 6.) Defendant asserts he has been working to modify his defense to account for these new charges and continues to advance his case preparation. (*Id.*)

Additionally, Defendant states he has received, and continues to receive, discovery related to the case, including discovery related to the new charges in the Second Superseding Indictment. (*Id.* at 6-7.) Defendant represents he has worked to review this discovery as it relates to viable defenses including reviewing audio recordings, working to secure transcriptions of audio recordings, reviewing reports, cell phone location data, and more. (*Id.* at 7.)

The Government disagrees. The Government argues Defendant's initial appearance was in March of 2018, and there is no indication Defendant has been diligent in his preparation for the past four years, much less the past three months since the last continuance. (ECF No. 238.) The

Government asserts the 26 new charges in the Second Superseding Indictment are "not complicated and do not require more than three months to digest." (*Id.* at 3.) The Government contends these new charges relate to the same operative facts and thus Defendant has been on notice for four years and nine months. (*Id.*)

The Court finds Defendant has properly demonstrated diligence. Though the Court agrees with the Government that Defendant has had more than ample time to prepare for the charge contained in the Superseding Indictment, the same cannot be said for the charges contained in the Second Superseding Indictment filed just three months ago. Based on the representations of Defendant regarding the work already done and the work needed to be done, the Court concludes Defendant is working diligently to defend against the 26 new charges contained in the Second Superseding Indictment. These additional charges may relate to the same or similar operative facts underlying the Superseding Indictment, but the universe of relevant facts that Defendant must defend against has unquestionably expanded. Each new count has the potential to change defendant's strategy, and each new count necessarily increases factual allegations that must be defended against. Defendant's work thus far is sufficient to demonstrate diligent effort to address and defend against the charges raised in the Second Superseding Indictment.

### B. Usefulness of Requested Continuance

Defendant asserts a continuance would be "more than useful" as it would allow him to complete his preparation with experts, fully research and analyze the 26 new charges, including reviewing discovery and record evidence, determine the sufficiency of discovery, and develop and incorporate a defense strategy in relation to the old and new charges. (ECF No. 237 at 7.) Defendant also states the additional time afforded by a continuance would ensure effective assistance of counsel. (*Id.*)

The Government disagrees and argues a continuance will only result in a further delay and not address the Defendant's readiness for trial. (ECF No. 238 at 4.) The Government asserts two prior continuances have not readied Defendant for trial and Defendant fails to explain what specific tasks or preparation cannot be completed under the current trial schedule. (*Id.*)

///

1    The Court finds a short continuance would be useful in this case. The Court agrees with
2    Defendant that a continuance here will allow him to properly review the evidence in this case as it
3    relates to the new charges in the Second Superseding Indictment and adequately prepare for trial.
4    Though this case has been continued twice before, this is the first continuance following the
5    Second Superseding Indictment. This continuance will provide Defendant ample opportunity to
6    complete his defense preparation. Indeed, the Court advises Defendant to take full use of this
7    continuance as the Court is unlikely to grant any further continuances in this matter.

        C.        Inconvenience to Court and Opposing Party

9    Defendant asserts he is unaware of specific inconveniences to the Court and the
10   Government. (ECF No. 237 at 7.) Defendant further notes that on November 30, 2022,
11   Defendant sought an agreement to continue the trial date with the Government in light of the 26
12   new charges, but the Government never responded. (*Id.*) The Government contends they would
13   be inconvenienced as they have subpoenaed trial witnesses and postponed other matters to
14   accommodate trial. (ECF No. 238 at 5.)

15   Any continuance will inevitably bring with it a degree of inconvenience as schedules must
16   be modified and plans adjusted. However, the inconvenience represented by the Government
17   appears nominal — and the new trial date will provide ample time to reschedule witness
18   testimony and revise calendars.

        D.        Prejudice to Defendant

20   Defendant argues he will be prejudiced should the Court deny the motion to continue.
21   (ECF No. 237 at 8.) Specifically, Defendant argues without this continuance Defendant will be
22   denied important trial rights by creating a situation where he is forced to proceed with an
23   incomplete defense, raising issues of ineffective assistance of counsel. (*Id.*) The Government
24   disagrees and argues Defendant has failed to establish prejudice because he fails to provide
25   specific examples of what preparation needs to be done, e.g., what witnesses will be unavailable,
26   what specific tasks need to be completed and why such tasks cannot be completed under the
27   current trial schedule. (ECF No. 238 at 5-6.)
28   ///

1    Defendant has demonstrated prejudice.  Defendant's representations are sufficient to
2 persuade the Court that Defendant will be harmed absent a short continuance in this case.  The
3 Court's finding is based on the following: the Second Superseding Indictment was filed in
4 November 2022, adding 26 new charges just three months before trial; discovery continues to be
5 turned over and reviewed by Defendant; and Defendant represents a need for additional time to
6 account for the new charges in his defense strategy.  Accordingly, the Court finds Defendant is
7 entitled to a short continuance.

8    The Court emphasizes this finding is a limited one.  Defendant has had significant time to
9 marshal the factual universe in this case and to craft a defense strategy.  The Court recognizes the
10 relevant facts within this universe expanded with the Second Superseding Indictment and
11 Defendant is faced with the possible need to modify his defense.  For this reason, Defendant is
12 entitled to some additional time to prepare his defense.  This additional time, however, is finite.
13 The Court intended to grant a continuance only to March 6, 2023, however a review of the
14 Eastern District trial calendar indicated counsel for the Government is currently scheduled for
15 trial in another court on that date.  To avoid dueling trial dates the Court, instead, grants a
16 continuance until March 20, 2022.  Consequently, this continuance is greater than what the Court
17 believes necessary to accommodate Defendant's represented needs.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to continue the trial date is GRANTED. (ECF No. 237.) Trial is hereby set for Monday, March 20, 2023, at 9:00 A.M. in Courtroom 2 before District Judge Troy L. Nunley. A Trial Confirmation Hearing is set for February 16, 2023, at 9:30 A.M. in Courtroom 2.

As Defendant did not expressly waive his right to speedy trial in his motion to continue, Defendant must file a waiver of speedy trial within 5 days of the date of this Order.

Any further motion(s) to continue the trial will be disfavored.

IT IS SO ORDERED.

**DATED: January 11, 2023**

Troy L. Nunley
United States District Judge