PHILLIP A. TALBERT
United States Attorney
CAMERON L. DESMOND
JUSTIN L. LEE
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MARKANSON,<br><br>Defendant. | CASE NO. 2:18-CR-00024-TLN<br><br>UNITED STATES'S MOTION IN LIMINE (EXCLUSION OF INFORMATION RELATED TO PUNISHMENT AND SENTENCING)<br><br>Trial: February 12, 2024<br>Time: 9:00 a.m.<br>Judge: Hon. Troy L. Nunley |

## MOTION IN LIMINE

The United States, by and through its undersigned counsel, files this motion in limine requesting that the Court prohibit the defendant from referring, in the presence of the jury during voir dire or at trial, either directly or indirectly, to (1) the potential penalties, (2) statutory maximums or minimums, or (3) sentencing range upon a conviction of the defendant or any witness.

### References Related to the Defendant

Counsel for the defendant should not refer to sentencing in the presence of the jury. "It is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). Indeed, it is "well established that when a jury has no sentencing function, it should be admonished to 'reach
Motion in Limine – Punishment  1  United States v. Markanson

its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)); Ninth Cir. Jury Instr. 6.22 ("The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."). This principle reflects a "basic division of labor in our legal system between judge and jury." *Shannon*, 512 U.S. at 579. "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Id*. "The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id*.

Thus, information regarding potential penalties, statutory maximums or minimums, or sentencing ranges is "therefore irrelevant to the jury's task." *Id*. "Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id*. Accordingly, the defendant should be prohibited from referring, in the presence of the jury during voir dire or at trial, either directly or indirectly, to the potential penalties, statutory maximums or minimums, or sentencing range upon a conviction.

### References Related to Witnesses

The United States may call individuals involved in firearms trafficking as witnesses during the trial. The United States requests that the Court prohibit the defendant from referring, in the presence of the jury during voir dire or at trial, either directly or indirectly, to the potential penalties and statutory maximums or minimums related to these witnesses.

A restriction on the defendant's ability to cross-examine a witness implicates the Confrontation Clause. To determine whether the defendant has the right to explore the challenged information, the Court should be guided by the following standard: "(1) whether the excluded evidence was relevant; (2) whether there were other legitimate interests outweighing the defendant's interest in presenting the evidence; and (3) whether

the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness." *United States v. Larson*, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc) (internal quotation marks omitted).

Under the test announced in *Larson*, the defendant does not have a Confrontation Clause right to present irrelevant evidence related to potential penalties and statutory maximums or minimums facing co-participants or other witnesses given the legitimate interests outweighing that presentation and the otherwise available evidence that can impeach the witnesses. The maximum sentence facing a particular witness is not relevant and can and should be disallowed in this case. *See United States v. Bridgeforth*, 441 F.3d 864, 868 (9th Cir. 2006) ("A limitation on cross examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant, and denies the jury sufficient information to appraise the biases and motivations of the witness." (internal quotation marks omitted)).

### 1. *Maximum Penalty Information is Not Relevant*

The Court must first determine whether the evidence sought to be excluded is relevant. *See Larson*, 495 F.3d at 1103. The Ninth Circuit has long advised that the statutory maximum penalty a witnesses faces has only "marginal relevance." *See United States v. Dadanian*, 818 F.2d 1443, 1449 (9th Cir. 1987), *rev'd on reh'g on other grounds*, 856 F.2d 1391 (9th Cir. 1988). *Larson*, which distinguished maximum penalties from a mandatory minimum life sentence, did not change the law in this regard. *See Larson*, 495 F.3d at 1106. There is no serious debate as to whether the potential maximum sentence is a poor indicator of the potential exposure a witness has at sentencing. Courts regularly exclude this information. *See, e.g., United States v. Foley*, 783 F.3d 7, 18–20 (1st Cir. 2015) (affirming district court's exclusion of maximum penalty information during cooperator testimony).

### 2. *Potential for Misleading Testimony and Confusion of the Issues*

Compared to the minimal probative value of potential penalties, there are legitimate and compelling interests that outweigh any interest the defendant might have

in presenting the evidence. *See Larson*, 495 F.3d at 1103. Introducing the maximum penalties faced by a witness is misleading. Although it is fair to explore a cooperating witness's understanding of his exposure, as that understanding evidences a potential motivation for cooperation, it would be misleading for the defendant to refer to potentially-applicable statutory maximums and minimums or guideline ranges that may or may not apply to the witnesses. Indeed, any reference to a potential statutory penalty being applied to a witness or other uncharged individual would constitute pure speculation.

Further, the United States is seeking to exclude reference to the defendant's sentencing, so it would be confusing for the jury to hear about the potential exposure of other witnesses while not hearing about the defendant's potential exposure. "Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Shannon*, 512 U.S. at 579.

### 3. *Sufficient Information to Assess Credibility of the Witness*

The jury will be able to assess the credibility of witnesses without referencing potential penalties and statutory maximums and minimums. *See Larson*, 495 F.3d at 1103. Even without the use of misleading penalty information, the defendant has plenty of information at his disposal that he can use to impeach witnesses. The witnesses whom the government anticipates could be called were co-participants in the defendant's criminal activity and are well known to the defendant. Moreover, some of the witnesses potentially face criminal charges and may be testifying in the hopes of receiving leniency from both the government and the Court. Once this information is provided to the jury, the Confrontation Clause requires nothing more. *See Dadanian*, 818 F.2d at 1449 (affirming district court's exclusion of maximum penalty cross-examination because cross-examination that occurred was sufficient). The defendant has plenty of information at his disposal to argue that any cooperating witnesses may be biased in favor of the United States. Going beyond that impeachment with potential penalty information is inappropriate and should not be allowed.

## **CONCLUSION**

For the above stated reasons, the United States requests that the Court prohibit the defendant from referring, in the presence of the jury during voir dire or at trial, either directly or indirectly, to the (1) potential penalties, (2) statutory maximums or minimums, or (3) sentencing range upon a conviction of the defendant or any witness.

Dated: January 22, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney