PHILLIP A. TALBERT
United States Attorney
CAMERON L. DESMOND
JUSTIN L. LEE
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:18-CR-00024-TLN |
| | ) | |
| Plaintiff, | ) | UNITED STATES'S MOTION IN |
| | ) | LIMINE (EXCLUSION OF EVIDENCE |
| v. | ) | AND ARGUMENT RE: MATTHEW |
| | ) | RYCKMAN) |
| JOSHUA MARKANSON, | ) | |
| | ) | Trial:  February 12, 2024 |
| Defendant. | ) | Time:  9:00 a.m. |
| | ) | Judge: Hon. Troy L. Nunley |
| | ) | |
| | ) | |

## MOTION IN LIMINE

The United States, by and through its undersigned counsel, files this motion in

limine requesting that the Court prohibit the defendant from introducing evidence or

argument regarding former ATF Special Agent Matthew Ryckman.

## Background

In 2017, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

conducted a firearms trafficking investigation that ultimately resulted in the charges

filed in this case.  *See* Criminal Complaint, ECF 1.  One of the investigators that

participated in that investigation was ATF Special Agent Matthew Ryckman.

On November 16, 2018, the United States provided notice to the defense that now-

former ATF Special Agent Matthew Ryckman "is a subject in a serious public corruption

1    investigation." ECF 196-1. This notification went on to disclose that "Mr. Ryckman

2    admitted that while serving as a police officer on the East Coast, he made false

3    statements in affidavits and reports, stole money from the scene of a criminal

4    investigation, used electronic surveillance devices without judicial authorization, and

5    failed to report misconduct by other officers." *Id.* "Mr. Ryckman has since resigned from

6    federal law enforcement." *Id.* As a result, the United States informed the defendant that

7    "we will not pursue criminal charges directly dependent on the work of Mr. Ryckman or

8    his informant in this matter." *Id.* at 3. The United States will not call Ryckman as a

9    witness at the upcoming trial.

10          Notwithstanding the fact the Ryckman will not be a witness at the upcoming jury

11   trial, the United States anticipates that the defendant may seek to present evidence and

12   argument related to Ryckman. Such evidence is irrelevant and inadmissible.

13   **Irrelevant Evidence is Not Admissible**

14          Here, where Ryckman will not testify as witness at trial, there is no basis to admit

15   any evidence or argument about unrelated misconduct and impeachment information.

16   "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is

17   relevant only if it has "any tendency to make the existence of an element slightly more [or

18   less] probable than it would be without the evidence." *Jackson v. Virginia*, 443 U.S. 307,

19   320 (1979). In other words, only evidence that is relevant to the elements of the charge

20   against defendant, or to a legal defense, is admissible at trial. *See* Fed. R. Evid. 402.

21   Although a defendant is entitled to confront witnesses and to present a defense, he has no

22   right to present irrelevant evidence. *See Wood v. Alaska*, 957 F.2d 1544, 1549 (9th Cir.

23   1992). The Court has discretion to determine which issues are relevant to the

24   proceedings. *See id.*

25          Evidence that neither negates an element of the charges against a defendant nor

26   establishes a cognizable defense is not relevant. Moreover, a court must exclude evidence

27   when a defendant's offer of proof does not establish the elements of a defense. *See United*

28   *States v. Wofford*, 122 F.3d 787, 789-92 (9th Cir. 1997) (affirming district court's exclusion

of evidence concerning proposed "justification" defense to § 922(g) prosecution); *United States v. Moreno*, 102 F.3d 994 (9th Cir. 1996) (affirming district court's grant of government's motion in limine to exclude evidence of duress).  Accordingly, the Court should exclude any evidence or argument related to Ryckman as irrelevant.  Further, should the defendant seek to introduce any evidence or argument related to Ryckman, the Court should require the defendant to present an offer of proof as to the relevance of any such information prior to its presentation before the jury.

**Ryckman is not the proper subject of cross-examination.**

The United States anticipates that the defendant may seek during cross-examination of witnesses called by the United States to inquire into Ryckman's unrelated misconduct.  Such questioning is improper and inadmissible under Rule 403 of the Federal Rules of Evidence.  "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985).  Indeed, the trial court has a duty to control cross-examination to prevent it from burdening the record with irrelevant matter. *United States v. Weiner*, 578 F.2d 757, 766 (9th Cir. 1978). "This duty includes a specific duty to prevent counsel from confusing the jury with a proliferation of details on collateral matters." *Id.*  Here, impeaching a non-witness regarding unrelated misconduct while the non-witness worked at a different job, in a different state risks confusing the jury.

**Evidence related to Ryckman is not properly framed as a right to a defense.**

Based on the defendant's prior discovery motion in this case (ECF 196 at 4–9), the United States anticipates that the defendant will seeks to argue that attacking Ryckman implicates his constitutional right to present a defense.  Should the defendant make this argument, the Court should reject this as a basis to offer irrelevant evidence and argument.  The right to present a defense does not include "an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).  The

1  defendant's constitutional right allows him to present "relevant evidence" in his defense,

2  not irrelevant evidence.  *Moses v. Payne*, 555 F.3d 742, 757–58 (9th Cir. 2009).  Indeed

3  "[w]ell-established rules of evidence permit trial judges to exclude evidence if its

4  probative value is outweighed by certain other factors such as unfair prejudice,

5  confusion of the issues, or potential to mislead the jury."  *Id.* (quoting *Holmes v. South*

6  *Carolina*, 547 U.S. 319, 326 (2006)).

## CONCLUSION

8      For the above stated reasons, the United States requests that the Court prohibit

9  the defendant introducing evidence or regarding former ATF Special Agent Matthew

10  Ryckman.

12   Dated:  January 22, 2024                    PHILLIP A. TALBERT
                                                 United States Attorney

14                                               /s/ JUSTIN L. LEE
                                                 JUSTIN L. LEE
15                                               Assistant United States Attorney