Etan Zaitsu [SBN 287106]
Attorney at Law

Zaitsu Law
331 J Street, Suite 200
Sacramento, CA 95814
916.542.0270

Attorney for Defendant
JOSHUA MARKANSON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JOSHUA MARKANSON,<br>　　　　　　　Defendants. | Case No.: 2:18-CR-00024 TLN<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MIL** |

### I.　　The Defense Does Not Intend to Introduce Matthew Ryckman Evidence

　　The defense does not intend to introduce any evidence in its case in chief, through cross examination, or make any argument about ex-Agent Matthew Ryckman's admitted criminal conduct or misdeeds. The defense thus submits on the government's motion in limine to prevent the defense from such arguments.

　　Of course, the defense does not have a crystal ball and does not know exactly what the government's testimony will be at trial. Thus, to the extent Ryckman's criminality becomes relevant during the course of trial, the defense seeks to reserve the right to raise the issue of Ryckman's criminality at that time. The defense notes that Ryckman was responsible for many aspects of this investigation, including handling evidence. There may be a scenario where direct testimony during the government's case involves those aspects of the investigation, and it may become appropriate and relevant impeachment for the defense to cross examine the testifying agent about those events and Ryckman's involvement in those events. If it becomes

1

**Defendant's Response to Govt MIL**

the case at trial, the defense will alert the Court prior to that cross examination so that the Court can make a determination based upon the trial testimony.

### II. The Government's Motion to Prevent Cross Examination on Sentencing and Penalty Matters is Both Premature and Fails to Consider the Defendants Constitutional Right to Expose a Witnesses Motive to Lie.

The overriding concern whenever restrictions inhibit a defendant's ability to cross-examine a witness is whether such restrictions violate a defendant's Confrontation Clause "right of effective cross examination." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007). "Effective cross-examination is critical to a fair trial because '[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.' " Id., citing *Davis v. Alaska*, 415 U.S. 308, 316 (1974). Exposure of a witness' motivation in testifying is a well-recognized and "important function of the constitutionally protected right of cross-examination." Id. ("jurors [are] entitled to have the benefit of the defense theory before them so that they [can] make an informed judgment as to the weight to place on [the Government witness'] testimony"). While courts enjoy "broad discretion" to preclude repetitive and unduly harassing interrogation,

> that limitation cannot preclude a defendant from asking, not only "whether [the witness] was biased" but also "to make a record from which to argue why [the witness] might have been biased."

*United States v. Schoneberg*, 396 F.3d 1036, 10442 (9th Cir. 2005)

When a court is asked to place limits on a defendant's right of cross examination, the Ninth Circuit in Larson identified three factors Courts should consider: (1) whether the excluded evidence was relevant; (2) whether there were other legitimate interests outweighing the defendant's interest in presenting the evidence; and (3) whether the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness. Larson, 495 F.3d at 1103.

At this juncture, the Court does not have engough information to determine the extent of the relevance of penalty and sentencing information in exposing witness bias and

**Defendant's Response to Govt MIL**

motivations, whether one interest outweighs another, or whether the not-yet-impaneled jury will have enough information to assess credibility.

Finally, as relevant in this case, "where a plea agreement allows for some benefit or detriment to flow to a witness as a result of his testimony, the defendant must be permitted to cross-examine the witness sufficiently to make clear to the jury what benefit or detriment will flow, and what will trigger the benefit or detriment, to show why the witness might testify falsely in order to gain the benefit or avoid the detriment. Id. at 1106. Here, until we reach the stage of trial where the Court can assess the benefit or detriment flowing from a witnesses' testimony, any decision would be premature and unconstitutional against the defendant's Sixth Amendment right to confront witnesses effectively.

Dated:  January 29, 2024          */s/ Etan Zaitsu*
ETAN ZAITSU
Attorney for the Defendant
JOSHUA MARKANSON

**Defendant's Response to Govt MIL**