UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MARKANSON,<br><br>Defendant. | No. 2:18-cr-00024-TLN<br><br>**ORDER** |

This matter is before the Court on the Government's Application Compelling Prior Defense Counsel to Provide Information to the United States. (ECF No. 322.) Defendant Joshua Markanson ("Defendant") filed a response. (ECF No. 324.) The Government filed a reply. (ECF No. 325.) For the reasons set forth below, the Government's application is GRANTED in part.

On February 15, 2018, the Government filed a Superseding Indictment charging Defendant with one count of conspiracy to deal firearms without a license in violation of 18 U.S.C. §§ 371, 922(a)(1)(A). (ECF No. 15.) On November 3, 2022, the Government filed a Second Superseding Indictment, expanding the charges against Defendant to the following: (1) one count of conspiracy to unlawfully manufacture and deal firearms in violation of 18 U.S.C. §§ 371, 922(a)(1)(A); (2) one count of unlawful manufacturing and dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A); (3) one count of engaging in business as a manufacturer and dealer

1

1  in firearms without registration and paying taxes in violation of 26 U.S.C. § 5861(a); (4) twelve

2  counts of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d); and (5)

3  twelve counts of possession of an unserialized firearm in violation of 26 U.S.C. § 5861(i).  (ECF

4  No. 230.)  On February 8, 2024, Defendant entered a guilty plea as to counts 1 through 27 of the

5  Second Superseding Indictment.  (ECF No. 291.)  On October 24, 2024, the Court held a status of

6  counsel hearing, wherein Defendant requested new counsel be appointed.  (ECF No. 312.)  After

7  the Court heard from Defendant and defense counsel, the Court granted Defendant's request and

8  relieved attorney Etan Zaitsu.  (*Id.*)  On October 29, 2024, attorney Timothy Zindel was

9  appointed counsel for Defendant.  (ECF No. 314.)

10        On January 30, 2025, Defendant filed a motion to withdraw the guilty pleas.  (ECF No.

11  320.)  Defendant argues Etan Zaitsu did not tell him about a firm and favorable plea bargain offer

12  the Assistant U.S. Attorney originally assigned to the case offered on October 16, 2019, "one that

13  [Defendant] would have accepted if he had been properly advised, and one that would have

14  limited his sentencing exposure to less time than he faced after defense counsel pled him to 27

15  counts."  (*Id.* at 1–2.)  Defendant further argues Etan Zaitsu rendered ineffective assistance of

16  counsel under *Missouri v. Frye*, 566 U.S. 134 (2012), which requires defense counsel to

17  communicate all offers from the prosecution of a plea on favorable terms.  (*Id.* at 3.)

18        Instead of filing a response to the motion, the Government filed the instant application for

19  an order: (1) finding Defendant waived the attorney-client privilege with respect to matters raised

20  in the pending motion; and (2) compelling Etan Zaitsu to provide information to the Government

21  subject to waiver of privilege.  (ECF No. 322.)  The Government argues it needs the opportunity

22  to examine whether any of Defendant's "prior oral or written communications with his defense

23  counsel corroborate or dispel his claim of ineffective assistance of counsel," and Defendant has

24  put his attorney-client privileged communications at issue by claiming he never received

25  communication about a plea offer.  (*Id.* at 2.)  With its application, the Government submitted a

26  proposed order to the Court listing what it seeks:

27        IT IS HEREBY ORDERED that Etan Zaitsu shall provide a copy of
      all information in his possession (1) any and all plea negotiations
28        and/or   considerations,   including   any   and   all   case-related

        communications and discussions regarding plea offers, the nature of the charges, and the consequences of a guilty plea in case no. 2:18-CR-00024; and (2) any communications, strategy, discussions, research, and investigative work product about the potential sentence, sentencing guidelines, or sentencing mitigation related to the charges filed in case no. 2:18-CR-00024-TLN to the United States by February 28, 2025.

(ECF No. 322-1 at 2.)

      In response, Defendant asserts he has no objection to the Government's request to obtain information from Etan Zaitsu about communications between the two of them "occurring during or shortly before the making o[f] the offer on October 19, 2019, and Mr. Zaitsu's email to the [G]overnment rejecting the offer the following morning, October 20, 2019."[1]  (ECF No. 324 at 2.)  Defendant contends the information obtained must be limited to the narrow claim raised in his motion — "whether Mr. Zaitsu conveyed to [Defendant] that the [G]overnment had made a firm offer of a two-year Rule 11(c)(1)(C) plea to the then one-count indictment."  (*Id.*)  Defendant maintains the Court must narrowly tailor any determination that the attorney-client privilege has been waived, and the Government's proposed order is far broader than the law allows.  (*Id.*)

      In reply, the Government notes Defendant's motion "goes beyond the question of whether or not Mr. Zaitsu conveyed the plea offer" and also hinges on Defendant's allegation that "If I had been told in October 2019 that an offer had been made to limit my sentence to two years, I would have accepted that offer and pled guilty to conspiracy."  (ECF No. 325 at 2.)  The Government asserts that in order to test this claim that Defendant would have accepted the plea offer had he been advised, it needs information from Mr. Zaitsu about his communications with Defendant, "not strictly limited to whether or not the plea offer was conveyed."  (*Id.*)  The Government wants to examine how Defendant responded when prior plea offers were extended or whether he made any statements about how he will never plead guilty.  (*Id.*)

---

[1]  The Court notes that in its review of the emails attached to Defendant's motion to withdraw the guilty pleas, he attaches the email communications between Etan Zaitsu and the Assistant U.S. Attorney, which reflect the plea offer was made on October 16, 2019, and Etan Zaitsu rejected the offer on October 17, 2019.  Because the parties continue to confuse the dates in the briefing accompanying this motion and the Government's application, the Court will continue to use the October 16, 2019, and October 17, 2019 dates moving forward until the parties submit further evidence to the contrary.

1     Where a defendant raises an ineffective assistance of counsel claim, "he waives the

2  attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker*

3  *v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). "In practical terms, this means that

4  parties in litigation may not abuse the privilege by asserting claims the opposing party cannot

5  adequately dispute unless it has access to the privileged materials" and "[t]he party asserting the

6  claim is said to have implicitly waived the privilege." *Id.* at 719. With respect to implied

7  waivers, the Ninth Circuit sets forth three guiding principles. *Id.* at 720. Relevant here, the Ninth

8  Circuit explained:

> The court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose. Courts, including ours, that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question.

*Id.*

Here, the Court finds Defendant has implicitly waived his attorney-client privilege with respect to his communications with Etan Zaitsu about the October 16, 2019 plea offer. Without information from Etan Zaitsu, the Government cannot adequately dispute Defendant's claims of ineffective assistance of counsel. However, the Court agrees with Defendant that the Government's proposed waiver "is far broader than the law allows," as the purpose of Defendant's motion "was not to open prior counsel's file to boundless scrutiny, but simply to address the narrow question whether [Mr. Zaitsu] conveyed the firm, beneficial offer that the prior AUSA made on October [16], 2019, and that prior counsel rejected the next morning." (ECF No. 324 at 2–3.)

For the foregoing reasons, the Government's application is GRANTED in part. (ECF No. 322.) Accordingly, the Court orders the following:

IT IS HEREBY ORDERED that, not later than February 28, 2025, Etan Zaitsu shall provide: (1) information as to whether he conveyed the October 16, 2019 plea offer; (2) any notes about whether the offer was conveyed; and (3) any notes regarding Defendant's exposure under the sentencing guidelines in No. 2:18-cr-00024-TLN.

     IT IS HEREBY ORDERED that the Court COMPELS Etan Zaitsu to provide the information subject to the waiver to the United States, including through an interview and/or deposition, and further COMPELS Etan Zaitsu to respond to related written questions presented by the United States on the foregoing three issues by answer in the form of sworn declaration.

     IT IS FURTHER ORDERED that all responsive information provided by Etan Zaitsu to the United States shall be subject to the following protective order:

     1.    The United States is prohibited from using the responsive information for any purpose other than litigating the instant motion.

     2.    The United States Attorney's Office for the Eastern District of California shall not disseminate the responsive information to any other persons or offices, including law enforcement or prosecutorial agencies.

     IT IS FURTHER ORDERED that the United States shall file a response to Defendant's motion by March 14, 2025.

     IT IS FURTHER ORDERED that Defendant shall file any reply by March 28, 2025.

     IT IS FURTHER ORDERED that the March 20, 2025 status hearing in this matter is continued to April 10, 2025.

     IT IS SO ORDERED.

Date: February 25, 2025

                                                        _____
                                                      TROY L. NUNLEY
                                                      CHIEF UNITED STATES DISTRICT JUDGE