TIMOTHY ZINDEL, #158377
P.O. Box 188976
Sacramento, CA  95818
Tel: (916) 704-2665
timzindel@gmail.com


Attorney for Defendant
JOSHUA MARKANSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:18-CR-0024-TLN |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MOTION TO MODIFY CONDITIONS OF RELEASE** |
| JOSHUA MARKANSON, | ) ) ) | |
| Defendant. | ) ) ) | Judge:   Hon. Sean C, Riordan Date:    August 3, 2026 Time:    2:00 p.m. |
| | ) ) | |

Mr. Markanson moves the Court to modify his conditions of release to remove the condition requiring electronic monitoring, which this Court ordered on March 11, 2026. Subsequent events have rendered this restriction greater than necessary to assure Mr. Markanson's compliance with the conditions of his release.  Mr. Markanson was sentenced on June 11, 2026.  His sole remaining obligation to the Court is to surrender for service of a two-year term of imprisonment jointly recommended by him and by the government.  Mr. Markanson also currently sports a second ankle monitor while he completes a 90-day State sentence for misdemeanor vandalism.

-1-

Pretrial has confirmed that Mr. Markanson, who is supervised by the Central District of California, has complied with all conditions of release.  They have expressed no opposition to this request, advising defense counsel that they would "defer to the government."  However, government counsel says he will oppose the request – hence this motion.

Mr. Markanson has chosen to waive his appearance at the hearing of this motion because of his obligation to complete his State work-release and because of the costs of traveling from his home in Southern California.

**A.   Procedural Background.**

Mr. Markanson was arrested in February 2018 on a superseding indictment alleging he conspired to deal firearms without a license.  ECF 15, 18.  He was ordered released in the Central District and has remained released for more than eight years, with one blip in his record, the one that led this Court in March to order electronic monitoring while Mr. Markanson was pending trial or change of plea.  ECF 358, 363.  During the first seven years the case was pending against Mr. Markanson, over 25 continuances were granted, including continuances of four trial dates, largely due to the inexperience of prior defense counsel.  On May 13, 2025, Chief Judge Nunley granted Mr. Markanson's motion to withdraw the guilty pleas he had entered in February 2024.  ECF 291, 345.

During the more than eight years Mr. Markanson has been supervised by pretrial services, he has had one violation.  In March 2026, eight years after he was released, Mr. Markanson was arrested in San Bernardino County with another man, and Mr. Markanson was charged with vandalism.  ECF 358.  He requested a bail violation hearing, which was held on March 11, 2026.  ECF 361, 363.  At that hearing, the Court continued his release but amended his conditions to require location monitoring using a GPS device.  ECF 365.

Two weeks later, on March 26, Mr. Markanson appeared before Chief Judge Nunley to memorialize his plea agreement with the government.  ECF 368.  At sentencing on June 11, both parties recommended, and the Court ordered, that Mr. Markanson serve two years in prison.

ECF 375. Mr. Markanson asked to surrender on October 13, 2026, and the Court granted that request. *Id.*

With his federal surrender looming, Mr. Markanson decided to resolve his pending vandalism case in San Bernardino County. On June 22, he pled guilty to a misdemeanor vandalism charge and was ordered to serve 90 days in work release, which he will complete before his federal surrender. He is serving that sentence on a second ankle monitor, as shown in this photograph:



With no further appearances needed, Mr. Markanson asks the Court to remove the location monitoring condition ordered in March. He will remain subject to pretrial services supervision up until his surrender and is also subject to a $100,000 bond signed by his parents in the Central District on February 26, 2018. *United States v. Markanson*, 5:18-mj-00068 (C.D. Cal.) at ECF 6.

**B.  Applicable Law.**

A releasee may move to amend his conditions of release. 18 U.S.C. § 3145(a)(2). The Bail Reform Act authorizes the Court to amend conditions of release as circumstances change:

"[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). In doing so, the Court must bear in mind the requirement that release must be "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at subd. (c)(1)(B). When determining the appropriateness of release conditions, courts consider the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that the defendant's release would pose. *Id.* at subd. (g).

### C.  Further Monitoring Is Unwarranted.

Since the Court ordered monitoring in March, Mr. Markanson has resolved his case and been sentenced to a two-year term that he recommended and agreed to serve.  No future appearances are required.  He asked to and plans to surrender on October 13, 2026.  Severe penalties would ensue if he were not to surrender as ordered:  a felony prosecution for violating 18 U.S.C. § 3146(a)(2), and forfeiture of a substantial bond signed by his parents.

As for safety of the community, the recent misdemeanor conviction is the only blot on a more-than-eight-year record of compliance.  The circumstances of that case, discussed at the hearing on March 11, do not suggest that Mr. Markanson poses an ongoing danger to others.  He was driven by another man to the desert outside Adelanto, where the second man shot at what appeared to be abandoned property.  The property was not abandoned, and both men were arrested.  Mr. Markanson chose to resolve the vandalism charge filed against him once it was reduced to a misdemeanor, rather than surrender to the Bureau of Prisons with a State detainer outstanding.  (His conflict public defender told him that the office could not prepare a trial before Ocrober, even if Mr. Markanson refused to waive time.)

Mr. Markanson's record under supervision, the absence of further appearances, the existence of a substantial bond in place for over eight years, and his use of a second ankle monitor, render further monitoring more restrictive than necessary to assure compliance with the

conditions of releaae.  "When defendants establish that they will abide by their obligation to appear in court, logic dictates that the justification for imposing the existing release conditions lessens." *United States v. Hutchins*, 298 F.Supp.3d 1205, 1208 ()E.D. Wisc. 2017).

The history and characteristics of a defendant include his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, drug or alcohol abuse history, criminal history, record concerning court appearances, and whether they were under criminal justice supervision at the times of the instant case. 18 U.S.C. § 3142(g)(3)(A).  Mr. Markanson is a healthy and responsible 34-year-old man who had no criminal history until his conviction in this case.  He has a long record of gainful employment as a railroad conductor and, more recently, as a maker of custom motorcycles.  He and his wife have been together since their schooldays.  He is her primary caregiver, since she struggles with multiple sclerosis.  He is sober, with a spotless record of appearances, and he was not under supervision at the time of his offense.  His sole violation occurred after eight years of supervision, and resolved as a misdemeanor.  His service of nearly eight and one-half years of supervision is evidence enough that location monitoring is not needed.

Accordingly, Mr. Markanson respectfully asks the Court to strike the location monitoring condition.

Respectfully Submitted,

Dated:  July 27, 2026

*/s/ Tim Zindel*
TIMOTHY ZINDEL
Attorney for JOSHUA MARKANSON